IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

00 MAY 12 PM 3:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| PARKS & SON EXCAVATING, INC. | } | |
| | } | CIVIL ACTION NO. |
| ***************************** | } | |
| PARKS & SON EXCAVATING, INC., | } | 00-AR-0017-NE |
| et al., | } | |
| | } | |
| Plaintiffs, | } | BANKRUPTCY CASE NO. |
| | } | 98-84411-JAC |
| v. | } | Chapter 7 |
| | } | |
| FORD MOTOR COMPANY, et al., | } | A.P. No. 99-80174 |
| | } | |
| Defendants. | } | |
| | } | |
| *************************** | } | |
| | } | |
| TAZEWELL T. SHEPARD, As | } | |
| Trustee for the Estate of | } | |
| Parks & Son Excavating, Inc., | } | |
| et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | |
| | } | |
| LANGE, SIMPSON, ROBINSON & | } | A.P. No. 00-8025 |
| SOMERVILLE, L.L.P., et al., | } | |
| | } | |
| Defendants. | } | |

ENTERED

MAY 12 2000

## MEMORANDUM OPINION

The fact that Parks & Son Excavating, Inc. ("Parks & Son"), agreed to pay Lange, Simpson, Robinson & Somerville, L.L.P. ("Lange Simpson"), an hourly rate as the means of compensating it for its undertaking to pursue a tort claim against Ford Motor Company ("Ford Motors"), and other defendants, either created the problem

1

that this court now faces, or exacerbated the problem.   If that representation had been undertaken on the contingent fee basis that is almost universally employed by plaintiffs and their lawyers in such cases, this court doubts that the problem that was earlier faced by the bankruptcy court and that is now faced by this court, would have arisen.   In fact, it may have been Lange Simpson's pre-petition bill of $87,000 at the hourly billing rates for its lawyers working on the case that finally sent Parks & Son to a bankruptcy lawyer.   But, this gets ahead of the story.

With Lange Simpson representing it, Parks & Son sued Ford Motors and others in the Circuit Court of Jackson County, Alabama, seeking at the hands of a jury a sizeable amount of both compensatory and punitive damages.   After the case was pending for a considerable period of time, Parks & Son, through other counsel, filed for bankruptcy, after which Ford Motors and the other defendants in the Circuit Court of Jackson County removed the tort case to the bankruptcy court.   Among other things, the bankruptcy court (1) denied Lange Simpson's motion to remand, (2) appointed Tazewell T. Shepherd as Trustee in Bankruptcy for Parks & Son ("Trustee"), and (3) approved the Trustee's employment of Hornsby, Watson & Meginniss ("Hornsby"), as attorneys to prosecute the removed action that had then become Adversary Proceeding No. 99-80174.   Hornsby agreed to a contingent fee of 40% of whatever sums were recovered.

Lange Simpson, which represented several other legal entities with varying degrees of connection to Parks & Son, attempted on behalf of their said clients to pursue the same or similar claims against Ford Motors and others, but the bankruptcy court precluded that effort by holding that all such plaintiffs were so interconnected that they must proceed under the same banner. Employing virtually every possible avenue of review, Lange Simpson's clients sought the help of this court, complaining about the bankruptcy court's several rulings. After receiving memoranda from the various interested parties, and after conducting an oral hearing or two, this court on April 24, 2000, withdrew the adversary proceeding from the bankruptcy court.

At a hearing held after the withdrawal, this court learned about the fee arrangements. As a practical matter, a bankrupt cannot pay lawyers at an hourly rate. Lange Simpson has not offered to amend its fee arrangement to convert it to a contingency fee contract similar to Hornsby's contract. Lange Simpson concedes that its various clients who have claims against Ford Motors, *et al.,* are willing to acknowledge that the Trustee, for the benefit of the creditors of Parks & Son, has the right to any and all sums recovered from Ford Motors, *et al.,* but consistent with their earlier contentions, Lange Simpson continues to insist that its clients are entities distinct from Parks & Son, and have separate, discrete claims and causes of actions against Ford Motors, *et al.*

3

Hornsby agrees that if its authority to represent all plaintiffs in the adversary proceeding against Ford Motors, *et al.*, is affirmed by this court, whether it does so in an adversary proceeding in this court, or the state court after a removal, it will undertake to represent **all plaintiffs** and pursue **all** of their claims without favor, whether particular claims turn out to be joint, or several, or a mixture of both.

Adversary Proceeding No. 99-80174 is probably the only real asset of the debtor's estate.  This court does not undertake, even for a moment, to evaluate that asset or to predict the outcome of the suit against Ford Motors, *et al.*  Apparently Hornsby, which is a highly reputable and competent law firm, thinks the action is worth pursuing.   Otherwise, it would not have undertaken the representation on a contingency basis and to advance predictably sizeable expenses.   On the other hand, Ford Motors and the other defendants in the case are vigorously defending it and have made no offer of settlement.

The Trustee filed a separate adversary proceeding against Lange Simpson seeking to obtain Lange Simpson's discovery materials.  This court earlier required Lange Simpson to deliver its discovery materials to the Trustee at the Trustee's expense. Whether that expense was actually borne by Hornsby as part of its contractual obligation to advance expenses is unknown to the court.

The parties further concede that this court can, in an

excercise of  its discretion, remand the case against Ford Motors, *et al.*, to the state court from whence it was removed.

     This court believes in the competency and primacy of the jurisdiction of the courts of the various states, particularly over controversies governed by state law, as is this case.  This is not to say that state court judges and juries are superior to federal court judges and juries.  It is to say that the reverse is not to be presumed by the federal courts.  From a look at the record in this case, the bankruptcy court came close earlier to remanding the removed case to the Circuit Court of Jackson County, Alabama.  The bankruptcy court did not do so for reasons good and sufficient to it at the time.  The skirmishes over who is to represent the plaintiffs, and on what basis, and over who are proper plaintiffs, may be enough to discourage a remand, but this court is not easily discouraged.

     This court, sitting as a bankruptcy court, elects to abstain in favor of the state court in this non-core proceeding. By separate order the court will remand the case against Ford Motor, *et al.*, to the state court from whence it was removed, and will enter collateral orders designed to discharge the responsibilities of this court as a bankruptcy court that cannot be passed on to the state court.

DONE this __12th__ day of May, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE